**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ANDREJS V. STRAUSS, M.D.;
VINCENZO DEMASI, M.D.;
DRS. STRAUSS, DEMASI AND
ASSOCIATES, P.A.,
<u>Plaintiffs-Appellants,</u>

v.

PENINSULA REGIONAL MEDICAL
CENTER; DRAKE, BLUMBERG,                         No. 95-2424
BROOKLAND AND ZINREICH, M.D.
P.A.; ALBERT L. BLUMBERG, M.D.,
<u>Defendants-Appellees,</u>

and

THE MEDICAL STAFF OF PENINSULA
REGIONAL MEDICAL CENTER,
<u>Movant.</u>

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
John R. Hargrove, Senior District Judge.
(CA-95-1949-HAR)

Argued: April 4, 1996

Decided: May 20, 1996

Before WILKINSON, Chief Judge, ERVIN, Circuit Judge, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Jack Charles Tranter, Thomas Christopher Dame, GAL-LAGHER, EVELIUS & JONES, Baltimore, Maryland, for Appellants. Roger D. Redden, PIPER & MARBURY, L.L.P., Baltimore, Maryland, for Appellees. **ON BRIEF:** Peter E. Keith, GAL-LAGHER, EVELIUS & JONES, Baltimore, Maryland, for Appellants. Michael F. Brockmeyer, Kurt J. Fischer, PIPER & MARBURY, L.L.P., Baltimore, Maryland; Robert B. Kershaw, John A. Bourgeois, WARD, KERSHAW & MINTON, P.A., Baltimore, Maryland, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Plaintiffs, Andrejs S. Strauss, M.D., and Vincenzo DeMasi, M.D., former doctors at a Maryland hospital, sought preliminary injunctive relief to restore their hospital privileges. The district court denied plaintiffs' motion because they failed to demonstrate irreparable harm or a likelihood of success on the merits. We affirm.

I.

This is a tale of medical competition and strife in the Peninsula Regional Medical Center's ("PRMC") radiation oncology department. Until 1992, plaintiffs Strauss and DeMasi had an exclusive contract with PRMC to provide radiation oncology. When their contract came to an end in 1992, they were unable to renegotiate a new contract and PRMC decided to operate its radiation oncology department with an open staff. Following this decision, Catherine North, M.D., who had previously been an employee of the Strauss, DeMasi group, started her own competing practice in radiation oncology. Apparently, the

2

two practice groups routinely feuded over such matters as patient referrals and the scheduling of time on hospital equipment.

In June of 1994, the Strauss, DeMasi group disclosed its plans to build an independent radiation therapy facility. PRMC then entered into negotiations to buy the Strauss, DeMasi facility, but no agreement was reached. As a result of Strauss, DeMasi's decision to build another facility and the ongoing strife between practice groups, PRMC entered into another exclusive agreement for radiation oncology services, this time with a third practice group, Drake, Blumberg. Drake, Blumberg subsequently promulgated regulations for doctors at the PRMC facilities, and the Strauss, DeMasi group was unable to agree to these new regulations. Consequently, the medical staff privileges of Strauss, DeMasi were terminated on July 15, 1995. Strauss, DeMasi sought a restraining order and preliminary injunction on the grounds that the termination of their privileges constituted: (1) breach of contract; (2) a violation of the Sherman Antitrust Act, 15 U.S.C. §§ 1-2; and (3) a violation of the Maryland Commercial Law Article, § 11-204(a)(1)-(2). The district court denied plaintiffs' motion for preliminary relief, and plaintiffs now appeal.

II.

Injunctive relief is an extraordinary remedy. See Federal Leasing, Inc. v. Underwriters at Lloyd's, 650 F.2d 495 (4th Cir. 1981). With regard to a preliminary injunction, the district court must consider: (1) the likelihood of irreparable harm to the plaintiff if the injunction is denied; (2) the likelihood of harm to the defendant if the injunction is granted; (3) the likelihood that the plaintiff will succeed on the merits; and (4) the public interest. See Blackwelder Furniture Co. v. Seilig Manufacturing Co, Inc., 550 F.2d 189 (4th Cir. 1977).

With regard to the first requirement of Blackwelder, plaintiffs contend that they will suffer irreparable harm to their business and reputations without injunctive relief. Monetary loss, however, does not constitute irreparable harm unless the loss cannot be "`ascertain[ed] with any accuracy.'" Id. at 197 (quoting Foundry Servs., Inc. v. Beneflux Corp, 206 F.2d 214, 216 (2d Cir. 1952)). As the district court explained, this was not the case here. The history of plaintiffs' patient volume would certainly enable a jury to compensate any business loss

3

suffered by plaintiffs with a monetary judgment. So too do we agree with the district court that any reputational injury to the Strauss, DeMasi practice group is too speculative to merit injunctive relief. See Advanced Resources Int'l v. Tri-Star Petroleum Co., 4 F.3d 327, 331 (4th Cir. 1993).

The district court also correctly noted that an injunction here would place a great burden on the provision of radiation oncology services at PRMC. As already evidenced by the long history of poor relations between the Strauss, DeMasi group and the North group, the return of Strauss, DeMasi to the department during a combative lawsuit would most probably lead to further strife. For these reasons, we agree with the district court's finding that the balance of hardships does not tip decidedly in favor of the plaintiffs.

We also agree with the district court that "plaintiffs face several hurdles that make the likelihood of success at trial small." Among other difficulties, plaintiffs' antitrust claims must overcome the fact that Blumberg and the hospital were not separate actors within the meaning of the Sherman Act, see Oksanen v. Page Memorial Hospital, 945 F.2d 696, 702-03 (4th Cir. 1991), cert. denied, 502 U.S. 1074 (1992), and that plaintiffs are alleging, at most, harm to themselves as individual competitors rather than cognizable harm to competition in general. Finally, we do not think that restoring plaintiffs' staff privileges at PRMC would contribute to the public interest in the non-disruptive delivery of medical care.

III.

Given such circumstances, we cannot say that the district court's denial of plaintiffs' motion for injunctive relief constituted an abuse of discretion. We thus affirm the judgment of the district court for the reasons stated in its careful opinion.

AFFIRMED.

4